

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Gerald Stockard
County Attorney
Denton County
Denton, Texas

Dear Sir:

Opinion No. 0-1722
Re: Power of local school
board to use school funds
to pay the membership dues
of the members of the
local board in a state or-
ganization of school trus-
tees, and to pay the ex-
penses of the local board
members incurred in their
attendance upon meetings
of the state organization

We have your letter of December 11, 1939, requesting our opinion with reference to the power of the local school board to expend public school funds for certain purposes. You state in your letter that there is in the process of being formed a state-wide organization of local school board members. You further state that members of this state organization are required to pay annual dues, and that there are certain expenses incident to the attendance at such meetings by the local school board members. The questions which you ask us are as follows:

"Can the local school board lawfully use school funds to pay the membership dues of the members of the local board in the state organization?

"Can the local school board lawfully use school funds to pay the expenses of the local board members incident to and incurred by them in their attendance upon

the meetings of the state organization?"

The purposes for which the public free school funds may be expended are set out in Article 2827 of Vernon's Annotated Civil Statutes, as follows:

"The public free school funds shall not be expended except for the following purposes:

"1. The State and county available funds shall be used exclusively for the payment of teachers' and superintendents' salaries, fees for taking the scholastic census, and interest on money borrowed on short time to pay salaries of teachers and superintendents, when these salaries become due before the school funds for the current year become available; provided that no loans for the purpose of payment of teachers shall be paid out of funds other than those for the then current year.

"2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employes, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein."

Section 1 of Chapter 9 of the Acts of the
Fourth Called Session of the Forty-third Legislature
(1934) added the following section to said Article
2827:

"3.  All independent school districts
having within their limits a city with a
population of 160,000 or more according to
the last preceding Federal census shall,
in addition to the powers now possessed by
them for the use and expenditure of local
school funds and for the issuance of school
bonds, be expressly authorized and empowered,
at the option of the governing body of any
such school district, in the buying of school
sites and/or additions to school sites and
in the building of school houses, to issue
and deliver notes of the school district,
negotiable or non-negotiable in form, repre-
senting all or a part of the purchase price
or cost to the school district of the land
and/or building so purchased or built, and
to secure such notes by a vendor's lien
and/or deed of trust lien against such land
and/or building, and, by resolution or order
of the governing body of the school district
made at or before the delivery of such notes,
to set aside and appropriate as a trust fund,
and the sole and only fund, for the payment
of the principal of and interest on such
notes such part and portion of the local
school funds, levied and collected by the
school district in that year and/or subse-
quent years, as the governing body of the
school district may determine, provided
that in no event shall the aggregate amount
of local school funds set aside in or for any
subsequent year, ten (10%) per cent of the
local school funds collected during such
year."

An examination of Article 2827 discloses that
there is no express authority to use the public free
school funds for the purposes covered by your questions.
It is well settled that the powers of a school board to
expend public free school funds are limited to the pur-

poses prescribed by the statutes. Harlingen Independent School District v. C. H. Page and Brother, 48 S. W. (2d) 983 (Commission of Appeals.)

It is true that Article 2827 prescribes that local school funds may be used "for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees." Under this provision of the law, it has been held that the board of trustees may, within certain limits, exercise a discretion as to the purposes for which the public free school funds may be expended. Moseley v. City of Dallas, 17 S. W. (2d) 36 (Commission of Appeals.)

We believe, however, that the school board is limited in the exercise of its discretion to "purposes necessary in the conduct of the public schools", and that the purposes which are set out in your questions do not come within the statutory provisions. There is nothing to indicate that the existence of the state-wide organization of school trustees or their meetings in state-wide conventions is necessary in the conduct of the public schools. As you state in your letter, there is no statutory authority for the creation of a state organization of local school board members, and there is no statutory requirement that they belong to such an organization. Whatever benefit might accrue to the schools through the membership of the school trustees in the state-wide organization or their attendance upon state-wide meetings, would be remote and indirect. We are therefore of the opinion that the local school board cannot lawfully use school funds to pay the membership dues of the members of the local board in the state organization, nor can the local school board lawfully use school funds to pay the expenses of the local board members incident to and incurred by them in their attendance upon meetings of the state organization.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 20, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

JPH:LW

By James P. Hart

James P. Hart
Assistant

